UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-40015-MRG |
| | ) | |
| MATTHEW D. LANE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**GUZMAN, D.J.**

WHEREAS, on May 20, 2025, the United States Attorney for the District of Massachusetts filed a four-count Information, charging defendant Matthew D. Lane (the "Defendant"), with Cyber Extortion Conspiracy, in violation of 18 U.S.C. § 371 (Count One), Cyber Extortion; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030 (a)(7)(B), (c)(3)(A) and (2) (Count Two), Unauthorized Access to Protected Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii), and (iii), and (2) (Count Three), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Three of the Information, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, pursuant to Title 18, United States Code Section 1030(i), any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses and any property, real or personal,

1

constituting or derived from any proceeds obtained, directly or indirectly, as result of such offenses;

WHEREAS, such property specifically included, without limitation:

a.     $160,981 to be entered in the form of a forfeiture money judgment;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2) and 1030(i)(2);

WHEREAS, on June 6, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that he signed on May 20, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $160,981on the grounds that such amount is equal to the amount of proceeds the Defendant derived from the offense as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 6, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $160,981 in United States currency, pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i);

WHEREAS, the amount of $160,981 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 371, 18 U.S.C. §§ 1030 (a)(7)(B), (c)(3)(A) and (2), and 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii), and (iii), and (2); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $160,981, pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(b)(2) and 1030(i)(2), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

3

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Margaret R. Guzman

**MARGARET R. GUZMAN**
United States District Judge

Dated: October 14, 2025

4