UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>       Plaintiff, )<br> )<br>       v. )<br>MATTHEW D. LANE, )<br>       Defendant. ) | Criminal No. 25-CR-40015-MRG |

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSET IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

**GUZMAN, D.J.**

WHEREAS, on May 20, 2025, the United States Attorney for the District of Massachusetts filed a four-count Information, charging defendant Matthew D. Lane (the "Defendant"), with Cyber Extortion Conspiracy, in violation of 18 U.S.C. § 371 (Count One), Cyber Extortion; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030 (a)(7)(B), (c)(3)(A) and (2) (Count Two), Unauthorized Access to Protected Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii), and (iii), and (2) (Count Three), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Three of the Information, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, pursuant to Title 18, United States Code Section 1030(i), any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as result of such offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2) and 1030(i)(2);

WHEREAS, on June 6, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that he signed on May 20, 2025;

WHEREAS, in Section 6 of the written plea agreement, the Defendant agreed to forfeit to the United States $160,981 on the grounds that such amount is equal to the amount of proceeds the Defendant derived from the offense as a result of her guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 6, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $160,981, pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i);

WHEREAS, the United States has filed a Motion for (1) Order of Forfeiture (Money Judgment) against the Defendant in the amount of $160,981 and (2) Preliminary Order of Forfeiture for Substitute Asset in Partial Satisfaction of Order of Forfeiture (Money Judgment);

WHEREAS, upon entry of the Order of Forfeiture (Money Judgment) the United States is entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute

property having a value not to exceed that of the Money Judgment in order to satisfy the Order of Forfeiture (Money Judgment) in whole or in part;

WHEREAS, in Section 6 of the Written Plea Agreement, the Defendant consented to the forfeiture of certain cryptocurrency that has since been turned over to the Federal Bureau of Investigation and converted into 159,470.3048 in Tether[1] (the "Substitute Asset");

WHEREAS, the Defendant stated that he is the sole and lawful owner of, and consented to the forfeiture of, the Substitute Asset;

WHEREAS, the Substitute Asset is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i), incorporating 21 U.S.C. § 853(p); and

WHEREAS, pursuant to this Court's Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the Substitute Asset.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Pursuant to the Court's Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, all of the Defendant's interest in the Substitute Asset is hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i), incorporating 21 U.S.C. § 853(p).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Substitute Asset and maintain it in its secure

---

[1] Tether is a blockchain-based cryptocurrency whose tokens operate as a stablecoin, indicating that each token is equivalent to one U.S. dollar.

custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(a)(2)(B) and 1030(i), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Substitute Asset.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(a)(2)(B) and 1030(i), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Substitute Asset to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(a)(2)(B) and 1030(i), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Substitute Asset, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Worcester, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Substitute Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(a)(2)(B) and 1030(i), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C.

§ 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Substitute Asset.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture for Substitute Asset in Partial Satisfaction of Order of Forfeiture (Money Judgment) will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

9. Following entry of a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), the United States shall credit the Order of Forfeiture (Money Judgment) with the amount of the net proceeds received as a result of the liquidation of the forfeited Substitute Asset.

10. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

    /s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge

Dated: October 14, 2025

5